LAWRENCE G. BROWN
Acting United States Attorney
SARALYN M. ANG-OLSON SBN 197404
Special Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America


IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA


| UNITED STATES OF AMERICA, | ) | 2:09-cv-01413-JAM-GGH |
|---|---|---|
| Plaintiff, | ) | JOINT STATUS REPORT; STIPULATION FOR STAY; ORDER |
| v. | ) | |
| APPROXIMATELY $635,486.07 IN U.S. CURRENCY, | ) | |
| | ) | Date:      N/A |
| | ) | Time:      N/A |
| | ) | Courtroom: N/A |
| Defendant. | ) | |

Plaintiff United States of America and claimant Ryan Louis Ennis ("Ennis") (collectively, the "Parties"), by and through their undersigned counsel, hereby submit the following Joint Status Report pursuant to Paragraph 4 of the Court's Order filed on May 21, 2009.

**(a)  The nature of the case:**

In its Verified Complaint for Forfeiture In Rem ("Verified Complaint"), the United States alleges that defendant Approximately $635,486.07 in U.S. Currency ("defendant currency") is forfeitable to the United States pursuant to 21 U.S.C.

§ 881(a)(6) because it constitutes money or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. § 841 et seq., all proceeds traceable to such an exchange, and/or all moneys used or intended to be used to facilitate any such violation. See Verified Complaint at ¶¶ 11, 12.

Ennis is represented by David Martin Michael ("Michael") in this civil forfeiture action as well as in the related underlying criminal case, United States v. Ryan Louis Ennis, et al., Case No. 2:09-CR-00011-JAM.

**(b)   Progress in the service of process:**

All known potential claimants have been served with the Verified Complaint, Application and Order for Publication, Warrant for Arrest, and court notices ("Civil Action Documents"). In particular, Ennis was given notice of the action through service on Michael (pursuant to the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims, Rule G(4)(b)(iii)(B)) of the Civil Action Documents, which were received on May 26, 2009 in San Francisco, California.

**(c)   Possible joinder of additional parties:**

None anticipated.

**(d)   Any expected or desired amendment of pleadings:**

None.  Ennis filed a claim in the civil action on June 18, 2009.  On July 16, 2009, counsel for the Parties agreed to an extension of time for Ennis to file his Answer.  The Parties are requesting a stay of further proceedings, as explained further in their response to the items in Paragraph (g) below.  Along with that request for a stay, the Parties also request that the Court

order that Ennis' Answer be filed in this civil action within 20 days after the stay is lifted.

**(e)  Jurisdiction and venue:**

The Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355(a).  Venue is proper in this district pursuant to 28 U.S.C. § 1355(b), 28 U.S.C. § 1395, and 21 U.S.C. § 881(j).

**(f)  Anticipated motions and the scheduling of motions:**

Plaintiff United States and Ennis request that this case not be scheduled at this time because they are requesting a stay of further proceedings until the conclusion of the criminal case as explained further in response to the item in Paragraph (g) below.

**(g)  Anticipated discovery and the scheduling of discovery, including:**

**(1)  what changes, if any, should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;**

**(2)  the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues;**

**(3)  what changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed; and**

**(4)  the timing of the disclosure of expert witnesses and information required by Rule 26(a)(2)**

Pursuant to 18 U.S.C. § 981(g)(1), 18 U.S.C. § 981(g)(2), and 21 U.S.C. § 881(i), the United States and Ennis have agreed to and hereby request a stay of further proceedings in this case. The United States contends that the defendant currency is

1  any of the following:  moneys furnished or intended to be

2  furnished in exchange for a controlled substance or listed

3  chemical in violation of 21 U.S.C. § 841 et seq.; proceeds

4  traceable to such an exchange; and/or moneys used or intended to

5  be used to facilitate any such violation.  In light of these

6  allegations, the United States intends to seek discovery from

7  Ennis and to depose Ennis in order to discover further his

8  involvement in the alleged drug-trafficking, as well as the

9  source or sources of the defendant currency.

10     If discovery proceeds, Ennis would be placed in a difficult

11 position of either invoking his Fifth Amendment right against

12 self-incrimination and losing his ability to protect his alleged

13 interest in the defendant currency, on the one hand, or waiving

14 his Fifth Amendment rights and submitting to depositions and

15 other discovery, thereby potentially incriminating himself in the

16 pending and related criminal case, on the other.

17     Moreover, if Ennis as a claimant in this action invokes his

18 Fifth Amendment rights, the United States will be deprived of its

19 ability to explore the factual bases underlying Ennis' claim in

20 this action and to examine any defenses he may raise in any

21 answer he may file herein.

22     Furthermore, Ennis as a claimant in this action is expected

23 to attempt to depose law enforcement involved in the

24 drug-trafficking investigation that culminated in the seizure of

25 the defendant currency.  Allowing the depositions of these

26 officers would adversely affect the ability of the United States

27 to conduct its related criminal prosecution of Ennis.

28     Accordingly, both the United States and Ennis agree that

proceeding with this civil action at this time has potentially adverse effects on the prosecution of the related criminal case against Ennis and/or upon Ennis' ability to prove his claim in this action as to the defendant currency and to contest the United States' allegations that the defendant currency is forfeitable.  For these reasons, the Parties hereby request that this matter by stayed until the close of the criminal case, at which time the Parties will advise the Court whether a further stay is necessary.

**(h)  Future proceedings, including setting appropriate cut-off dates for discovery, law and motion, and the scheduling of pretrial and trial:**

None.

**(i)  Appropriateness of special procedures:**

None.

**(j)  Estimate of trial time:**

Not applicable; no trial demanded as yet.

**(k)  Modification of standard pretrial procedures specified by the rules due to the relative simplicity or complexity of the action or proceedings:**

Not applicable at the present time, since the Parties are requesting a stay of the civil action.

**(l)  Whether the case is related to any other case, including any matters in bankruptcy:**

This civil forfeiture action is related to the following criminal case:  United States v. Ryan Louis Ennis, et al., Case No. 2:09-CR-00011-JAM.  A Notice of Related Cases was filed in this action on May 22, 2009.

//

//

1     **(m)   Whether a settlement conference should be scheduled:**

2         Not at this time since the Parties are requesting a stay.

3     **(n)   Any other matters that may add to the just and
          expeditious disposition of this matter:**

4

5         None known at this time.

6     DATED: July 24, 2009         LAWRENCE G. BROWN
                                   Acting United States Attorney
7

8

9                                  /s/ Saralyn M. Ang-Olson
                                   SARALYN M. ANG-OLSON
10                                 Special Assistant U.S. Attorney

11

12    DATED: July 20, 2009

13
                                   /s/ David Martin Michael
14                                 DAVID MARTIN MICHAEL
                                   Attorney for Claimant
15                                 Ryan Louis Ennis

16                                 (Original signature retained on file)

17

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

1

**ORDER**

2        For the reasons set forth above, this action is stayed

3 pursuant to 18 U.S.C. § 981(g)(1), 18 U.S.C. § 981(g)(2), and 21

4 U.S.C. § 881(i) until the conclusion of the criminal case, at

5 which time the Parties will advise the Court whether a further

6 stay is necessary.

7        Furthermore, Ennis' answer in this civil action must be

8 filed in this civil action within 20 days after such stay is

9 lifted.

10 **IT IS SO ORDERED.**

11 Dated: July 27, 2009          /s/ John A. Mendez
                               JOHN A. MENDEZ
12                             UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28